IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| Patent Group LLC, | § | |
|           Relator | § | |
| | § | |
| v. | § | Civil Action No.2:10-cv-311 |
| | § | |
| Gilbarco, Inc.**,** and | § | |
| Veeder Industries, Inc. | § | |
|           Defendants | § | Jury Trial Demanded |

## *QUI TAM* COMPLAINT FOR FALSE MARKING

Relator Patent Group, LLC ("Relator"), for its Complaint against Defendants Gilbarco,

Inc. and Veeder Industries, Inc. ("Defendants") alleges as follows:

## INTRODUCTION

This is a lawsuit brought under the private attorney general provisions of the patent laws

for recovery under Section 292, Title 35 of the United States Code, for penalties payable to the

United States for falsely marked products as covered by United States Patents with the intent to

deceive others.  Defendants have falsely marked their Encore Series Gas Pump devices as

protected by patents that are not in force and do not cover the devices.  Defendants have done so

with the intent to deceive others and deter them from competing or purchasing competitive

products.

A patent monopoly is a powerful exception to the principles of full and fair competition

that protect markets, consumers, and competitors upon which the United States economy is

based.  The patent laws are a complex regulatory scheme, that conflict with antitrust and other

laws, which must be balanced to protect the public.  As with the antitrust laws, the United States

has created a private attorney general system for the detection and enforcement of abuses of parts

of the patent laws.  Here, Section 292 of the patent laws allows a litigant acting as a private attorney general to sue in *qui tam* for false marking of a product, with one half of the recovery going to the United States.  As a practical matter, the United States has little ability to otherwise police false marking and must rely on private litigant enforcement.

For simple devices or products, often times patents on specific features are the primary or main bar to new competition.  Here Defendants have engaged in a pattern and practice of advertising their Encore Series Gas Pump devices with expired patents in violation of Section 292 of Title 35 of the United States Code.  Defendants proudly boast in their packaging that their Encore Series Gas Pump products are patented suggesting that the products so marked are not available from others and/or similar products are an infringement of their patents.  Yet at least nineteen patents marked on significant products are not in force and are falsely marked in violation of Title 35, Section 292 of the United States Code.

## THE PARTIES

1.      Relator is a limited liability company organized and existing under the laws of the State of Texas.

2.      Defendant Gilbarco, Inc. is a North Carolina corporation that can be served through its registered agent, CT Corporation System at 225 Hillsborough Street, Raleigh, NC 27603.

3.      Defendant Veeder Industries, Inc. is a North Carolina corporation that can be served through its registered agent, CT Corporation System at 150 Fayetteville Street, Box 1011, Raleigh, NC 27601.

## NATURE OF THE ACTION

4.      This is an action for false marking arising under 35 U.S.C. § 292 of the patent laws of the United States.

5.      Relator has standing to bring this action under Article III of the United States Constitution and 35 U.S.C. § 292.  Under the terms of the statute, "any person" may bring an action for its enforcement.  Furthermore, Relator has suffered harm both individually and as a member of the public.  As a member of the public, Relator has suffered the deleterious economic effects caused by Defendants' conduct which deceives the public and inhibits competition in the marketplace.  As an individual, Relator has also suffered direct economic harm when it purchased products from convenience stores that use and purchase Defendants' falsely marked products at artificially inflated prices.  In other words, Defendants' conduct caused Relator to pay more than it should have for goods sold by purchasers of Defendants' products.

6.      As set forth in detail below, Defendants have violated 35 U.S.C. § 292 (a) by falsely marking and advertising, or causing or contributing to the false marking and advertising of products that list expired patent numbers or claim to be patented.

7.      The expiration date of a U.S. Patent is not readily ascertainable by members of the public at the time of the product purchase.  The patent number itself does not provide members of the public with the expiration date of the patent.  Basic information about a patent, such as the filing, issue and priority dates associated with a particular U.S. patent number are available at, for example, the website of the United States Patent and Trademark Office ("USPTO").  However, access to the Internet is necessary to retrieve that information (meaning that a consumer may not have the ability to retrieve the information, especially while he is in a store making a purchasing decision) and even after retrieving that information, it does not include the

expiration date of a patent. Rather, a member of the public must also conduct a burdensome legal analysis, requiring specific knowledge of U.S. Patent laws regarding patent term expiration. Notably, a correct calculation of the expiration date must also account for at least: a) any term extensions granted by the USPTO, which may or may not be present on the face of the patent, and b) whether or not the patent owner has paid the necessary maintenance fees.

8. Defendants could have no reasonable belief that the products identified below were properly marked. Thus, the false marking was done with the intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patents and inhibiting competition.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Relator's false marking claims under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendants by virtue of, inter alia, Defendants' persistent and continuous contacts with the Eastern District of Texas, including active and regular conduct of business during the relevant time period through their sales in Tyler, Texas and other cities within the Eastern District of Texas.

11. This Court has personal jurisdiction over Defendants because, inter alia, Defendants have violated 35 U.S.C. § 292, and falsely marked, advertised, distributed and sold products in the Eastern District of Texas. Further, on information and belief, Defendants have sold falsely marked Encore Series Gas Pump devices in competition with sellers of competitive products in the Eastern District of Texas. Upon information and belief, such sales by Defendants are substantial, continuous and systematic.

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 1395(a).

## COUNT I - U.S. PATENT NO. 4,556,927 PATENT

13.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

14.     U.S. Patent No. 4,556,927 ("the '927 patent"), entitled "Intrinsically Safe Signal Coupler" issued on December 3, 1985.

15.     Defendants mark and advertise, and have marked and advertised, products with the '927 patent number, including, but not limited to, The Encore Series Gas Pump devices depicted at Exhibit "A."

16.     Defendants cause or contribute to the marking and advertising, of products with the '927 patent number, including, but not limited to, the products identified in Paragraph 15.

17.     The '927 patent is an expired patent.

18.     Upon information and belief, the '927 patent expired on April 14, 2003.

19.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

20.     Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '927 patent would expire on April 14, 2003.

21.     Defendants knew or should have known that the term of the '927 patent expired on April 14, 2003.

22.     Upon information and belief, Defendants do not currently own or have a license to the expired '927 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '927 patent.

23.     Upon information and belief, Defendants knew or should have known that the '927 patent had already expired at the same time Defendants were marking and advertising products with the '927 patent, including the products identified in Paragraph 15.

24.     Upon information and belief, Defendants knew they no longer had a license to the '927 patent at the same time Defendants were marking and advertising products with the '927 patent, including the product identified in Paragraph 15.

25.     Defendants know, or at least reasonably should know, that the '927 patent no longer covered the products identified in Paragraph 15, or any products whatsoever.

26.     Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

27.     Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '927 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

28.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

29.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

30.     The public deception, and/or competitive harm caused by each of Defendants' false markings have and continue to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT II - U.S. PATENT NO. 4,566,504 - EXPIRED PATENT

31.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

32.     U.S. Patent No. 4,566,504 ("the '504 patent"), entitled "Insertion Tube Liquid Evacuator System for Vapor Recovery Hose" issued on January 28, 1986.

33.     Defendants mark and advertise, and have marked and advertised, products with the '504 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

34.     Defendants cause or contribute to the marking and advertising, of products with the '504 patent number, including, but not limited to, the products identified in Paragraph 33.

35.     The '504 patent is an expired patent.

36.     Upon information and belief, the '504 patent expired on September 15, 2003.

37.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

38.     Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '504 patent would expire on September 15, 2003.

39.     Defendants knew or should have known that the term of the '504 patent expired on September 15, 2003.

40.     Upon information and belief, Defendants do not currently own or have a license to the expired '504 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '504 patent.

41.     Upon information and belief, Defendants knew or should have known that the '504 patent had already expired at the same time Defendants were marking and advertising products with the '504 patent, including the products identified in Paragraph 33.

42.     Upon information and belief, Defendants knew they no longer owned or had a license to the '504 patent at the same time Defendants were marking and advertising products with the '504 patent, including the product identified in Paragraph 33.

43.     Defendants know, or at least reasonably should know, that the '504 patent no longer covered the products identified in Paragraph 33, or any products whatsoever.

44.     Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

45.     Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '504 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

46.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

47.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail

price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

48.     The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT III - U.S. PATENT NO. 4,570,686 - EXPIRED PATENT

49.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

50.     U.S. Patent No. 4,570,686 ("the '686 patent"), entitled "Apparatus for Preventing Blockage of Vapor Recovery Hose by Liquid Fuel" issued on February 18, 1986.

51.     Defendants mark and advertise, and have marked and advertised, products with the '686 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

52.     Defendants cause or contribute to the marking and advertising, of products with the '686 patent number, including, but not limited to, the products identified in Paragraph 51.

53.     The '686 patent is an expired patent.

54.     Upon information and belief, the '686 patent expired on June 24, 2003.

55.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

56.     Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '686 patent would expire on June 24, 2003.

57.     Defendants knew or should have known that the term of the '686 patent expired on June 24, 2003.

58.     Upon information and belief, Defendants do not currently own or have a license to the expired '686 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '686 patent.

59.     Upon information and belief, Defendants knew or should have known that the '686 patent had already expired at the same time Defendants were marking and advertising products with the '686 patent, including the products identified in Paragraph 51.

60.     Upon information and belief, Defendants knew they no longer owned or had a license to the '686 patent at the same time Defendants were marking and advertising products with the '686 patent, including the product identified in Paragraph 51.

61.     Defendants know, or at least reasonably should know, that the '686 patent no longer covered the products identified in Paragraph 51, or any products whatsoever.

62.     Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

63.     Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '686 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

64.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

65.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

66.     The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT IV - U.S. PATENT NO. 4,687,033 - EXPIRED PATENT

67.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

68.     U.S. Patent No. 4,687,033 ("the '033 patent"), entitled "Venturi Liquid Evacuator System for Maintaining Clear Vapor Path in Vapor Recovery Hose" issued on August 18, 1987.

69.     Defendants mark and advertise, and have marked and advertised, products with the '033 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

70.     Defendants cause or contribute to the marking and advertising, of products with the '033 patent number, including, but not limited to, the products identified in Paragraph 69.

71.     The '033 patent is an expired patent.

72.     Upon information and belief, the '033 patent expired on May 19, 2006.

73.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

74. Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '033 patent would expire on May 19, 2006.

75. Defendants knew or should have known that the term of the '033 patent expired on May 19, 2006.

76. Upon information and belief, Defendants do not currently own or have a license to the expired '033 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '033 patent.

77. Upon information and belief, Defendants knew or should have known that the '033 patent had already expired at the same time Defendants were marking and advertising products with the '033 patent, including the products identified in Paragraph 69.

78. Upon information and belief, Defendants knew they no longer owned or had a license to the '033 patent at the same time Defendants were marking and advertising products with the '033 patent, including the product identified in Paragraph 69.

79. Defendants know, or at least reasonably should know, that the '033 patent no longer covered the products identified in Paragraph 69, or any products whatsoever.

80. Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

81. Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '033 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

82. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at

least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

83.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

84.     The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT V - U.S. PATENT NO. 4,728,788 - EXPIRED PATENT

85.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

86.     U.S. Patent No. 4,728,788 ("the '788 patent"), entitled "Position Encoder Apparatus" issued on March 1, 1988.

87.     Defendants mark and advertise, and have marked and advertised, products with the '788 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

88.     Defendants cause or contribute to the marking and advertising, of products with the '788 patent number, including, but not limited to, the products identified in Paragraph 87.

89.     The '788 patent is an expired patent.

90.     Upon information and belief, the '788 patent expired on March 1, 2005.

91.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.   Defendants also have extensive

experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

92. Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '788 patent would expire on March 1, 2005.

93. Defendants knew or should have known that the term of the '788 patent expired on March 1, 2005.

94. Upon information and belief, Defendants do not currently own or have a license to the expired '788 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '788 patent.

95. Upon information and belief, Defendants knew or should have known that the '788 patent had already expired at the same time Defendants were marking and advertising products with the '788 patent, including the products identified in Paragraph 87.

96. Upon information and belief, Defendants knew they no longer owned or had a license to the '788 patent at the same time Defendants were marking and advertising products with the '788 patent, including the product identified in Paragraph 87.

97. Defendants know, or at least reasonably should know, that the '788 patent no longer covered the products identified in Paragraph 87, or any products whatsoever.

98. Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

99. Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '788 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

100.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

101.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

102.    The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT VI - U.S. PATENT NO. 4,748,846 - EXPIRED PATENT

103.    For this Count, Relator repeats the allegations of Paragraphs 1-12.

104.    U.S. Patent No. 4,748,846 ("the '846 patent"), entitled "Tank Gauging Systems and Methods" issued on June 7, 1988.

105.    Defendants mark and advertise, and have marked and advertised, products with the '846 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

106.    Defendants cause or contribute to the marking and advertising, of products with the '846 patent number, including, but not limited to, the products identified in Paragraph 105.

107.    The '846 patent is an expired patent.

108.    Upon information and belief, the '846 patent expired on April 14, 2007.

109. Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents. Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

110. Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '846 patent would expire on April 14, 2007.

111. Defendants knew or should have known that the term of the '846 patent expired on April 14, 2007.

112. Upon information and belief, Defendants do not currently own or have a license to the expired '846 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '846 patent.

113. Upon information and belief, Defendants knew or should have known that the '846 patent had already expired at the same time Defendants were marking and advertising products with the '846 patent, including the products identified in Paragraph 105.

114. Upon information and belief, Defendants knew they no longer owned or had a license to the '846 patent at the same time Defendants were marking and advertising products with the '846 patent, including the product identified in Paragraph 105.

115. Defendants know, or at least reasonably should know, that the '846 patent no longer covered the products identified in Paragraph 105, or any products whatsoever.

116. Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

117. Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '846 patent number, and the false marking was done with

intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

118.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

119.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

120.     The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

### COUNT VII - U.S. PATENT NO. 4,799,940 - EXPIRED PATENT

121.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

122.     U.S. Patent No. 4,799,940 ("the '940 patent"), entitled "Centrifugal System with Pump for Separating Air from Fuel" issued on January 24, 1989.

123.     Defendants mark and advertise, and have marked and advertised, products with the '940 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

124.     Defendants cause or contribute to the marking and advertising, of products with the '940 patent number, including, but not limited to, the products identified in Paragraph 123.

125.    The '940 patent is an expired patent.

126.    Upon information and belief, the '940 patent expired on June 8, 2008.

127.    Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

128.    Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '940 patent would expire on June 8, 2008.

129.    Defendants knew or should have known that the term of the '940 patent expired on June 8, 2008.

130.    Upon information and belief, Defendants do not currently own or have a license to the expired '940 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '940 patent.

131.    Upon information and belief, Defendants knew or should have known that the '940 patent had already expired at the same time Defendants were marking and advertising products with the '940 patent, including the products identified in Paragraph 123.

132.    Upon information and belief, Defendants knew they no longer owned or had a license to the '940 patent at the same time Defendants were marking and advertising products with the '940 patent, including the product identified in Paragraph 123.

133.    Defendants know, or at least reasonably should know, that the '940 patent no longer covered the products identified in Paragraph 123, or any products whatsoever.

134.    Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

135.    Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '940 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

136.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

137.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

138.    The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

### COUNT VIII - U.S. PATENT NO. 4,805,453 - EXPIRED PATENT

139.    For this Count, Relator repeats the allegations of Paragraphs 1-12.

140.    U.S. Patent No. 4,805,453 ("the '453 patent"), entitled "Tank Sonic Gauging System and Methods" issued on February 21, 1989.

141.    Defendants mark and advertise, and have marked and advertised, products with the '453 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

142.    Defendants cause or contribute to the marking and advertising, of products with the '453 patent number, including, but not limited to, the products identified in Paragraph 141.

143.    The '453 patent is an expired patent.

144.    Upon information and belief, the '453 patent expired on December 24, 2007.

145.    Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents. Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

146.    Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '453 patent would expire on December 24, 2007.

147.    Defendants knew or should have known that the term of the '453 patent expired on December 24, 2007.

148.    Upon information and belief, Defendants do not currently own or have a license to the expired '453 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '453 patent.

149.    Upon information and belief, Defendants knew or should have known that the '453 patent had already expired at the same time Defendants were marking and advertising products with the '453 patent, including the products identified in Paragraph 141.

150.    Upon information and belief, Defendants knew they no longer owned or had a license to the '453 patent at the same time Defendants were marking and advertising products with the '453 patent, including the product identified in Paragraph 141.

151.    Defendants know, or at least reasonably should know, that the '453 patent no longer covered the products identified in Paragraph 141, or any products whatsoever.

152.    Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

153.    Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '453 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

154.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

155.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

156.    The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT IX - U.S. PATENT NO. 4,876,653 - EXPIRED PATENT

157.    For this Count, Relator repeats the allegations of Paragraphs 1-12.

158.    U.S. Patent No. 4,876,653 ("the '653 patent"), entitled "Programmable Multiple Blender" issued on October 24, 1989.

159.     Defendants mark and advertise, and have marked and advertised, products with the '653 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

160.     Defendants cause or contribute to the marking and advertising, of products with the '653 patent number, including, but not limited to, the products identified in Paragraph 159.

161.     The '653 patent is an expired patent.

162.     Upon information and belief, the '653 patent expired on July 15, 2007.

163.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.   Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

164.     Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '653 patent would expire on July 15, 2007.

165.     Defendants knew or should have known that the term of the '653 patent expired on July 15, 2007.

166.     Upon information and belief, Defendants do not currently own or have a license to the expired '653 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '653 patent.

167.     Upon information and belief, Defendants knew or should have known that the '653 patent had already expired at the same time Defendants were marking and advertising products with the '653 patent, including the products identified in Paragraph 159.

168. Upon information and belief, Defendants knew they no longer owned or had a license to the '653 patent at the same time Defendants were marking and advertising products with the '653 patent, including the product identified in Paragraph 159.

169. Defendants know, or at least reasonably should know, that the '653 patent no longer covered the products identified in Paragraph 159, or any products whatsoever.

170. Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

171. Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '653 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

172. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

173. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

174. The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT X - U.S. PATENT NO. 4,890,210 - EXPIRED PATENT

175.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

176.     U.S. Patent No. 4,890,210 ("the '210 patent"), entitled "Power Supply Having Combined Forward Converter and Flyback Action for High Efficiency Conversion from Low to High Voltage" issued on December 26, 1989.

177.     Defendants mark and advertise, and have marked and advertised, products with the '210 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

178.     Defendants cause or contribute to the marking and advertising, of products with the '210 patent number, including, but not limited to, the products identified in Paragraph 177.

179.     The '210 patent is an expired patent.

180.     Upon information and belief, the '210 patent expired on November 15, 2008.

181.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

182.     Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '210 patent would expire on November 15, 2008.

183.     Defendants knew or should have known that the term of the '210 patent expired on November 15, 2008.

184.     Upon information and belief, Defendants do not currently own or have a license to the expired '210 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '210 patent.

185.    Upon information and belief, Defendants knew or should have known that the '210 patent had already expired at the same time Defendants were marking and advertising products with the '210 patent, including the products identified in Paragraph 177.

186.    Upon information and belief, Defendants knew they no longer owned or had a license to the '210 patent at the same time Defendants were marking and advertising products with the '210 patent, including the product identified in Paragraph 177.

187.    Defendants know, or at least reasonably should know, that the '210 patent no longer covered the products identified in Paragraph 177, or any products whatsoever.

188.    Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

189.    Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '210 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

190.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

191.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

192.    The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT XI - U.S. PATENT NO. 4,913,813 - EXPIRED PATENT

193.    For this Count, Relator repeats the allegations of Paragraphs 1-12.

194.    U.S. Patent No. 4,913,813 ("the '813 patent"), entitled "Filter Spill Prevention Cover" issued on April 3, 1990.

195.    Defendants mark and advertise, and have marked and advertised, products with the '813 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

196.    Defendants cause or contribute to the marking and advertising, of products with the '813 patent number, including, but not limited to, the products identified in Paragraph 195.

197.    The '813 patent is an expired patent.

198.    Upon information and belief, the '813 patent expired on December 8, 2008.

199.    Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

200.    Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '813 patent would expire on December 8, 2008.

201.    Defendants knew or should have known that the term of the '813 patent expired on December 8, 2008.

202.    Upon information and belief, Defendants do not currently own or have a license to the expired '813 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '813 patent.

203.    Upon information and belief, Defendants knew or should have known that the '813 patent had already expired at the same time Defendants were marking and advertising products with the '813 patent, including the products identified in Paragraph 195.

204.    Upon information and belief, Defendants knew they no longer owned or had a license to the '813 patent at the same time Defendants were marking and advertising products with the '813 patent, including the product identified in Paragraph 195.

205.    Defendants know, or at least reasonably should know, that the '813 patent no longer covered the products identified in Paragraph 195, or any products whatsoever.

206.    Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

207.    Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '813 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

208.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

209.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail

price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

210.   The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

### COUNT XII - U.S. PATENT NO. 4,930,655 - EXPIRED PATENT

211.   For this Count, Relator repeats the allegations of Paragraphs 1-12.

212.   U.S. Patent No. 4,930,655 ("the '655 patent"), entitled "Easy-open container with Non-detachable Closure" issued on June 5, 1990.

213.   Defendants mark and advertise, and have marked and advertised, products with the '655 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

214.   Defendants cause or contribute to the marking and advertising, of products with the '655 patent number, including, but not limited to, the products identified in Paragraph 213.

215.   The '655 patent is an expired patent.

216.   Upon information and belief, the '655 patent expired on February 27, 2009.

217.   Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

218.   Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '655 patent would expire on February 27, 2009.

219.    Defendants knew or should have known that the term of the '655 patent expired on February 27, 2009.

220.    Upon information and belief, Defendants do not currently own or have a license to the expired '655 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '655 patent.

221.    Upon information and belief, Defendants knew or should have known that the '655 patent had already expired at the same time Defendants were marking and advertising products with the '655 patent, including the products identified in Paragraph 213.

222.    Upon information and belief, Defendants knew they no longer owned or had a license to the '655 patent at the same time Defendants were marking and advertising products with the '655 patent, including the product identified in Paragraph 213.

223.    Defendants know, or at least reasonably should know, that the '655 patent no longer covered the products identified in Paragraph 213, or any products whatsoever.

224.    Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

225.    Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '655 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

226.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

227.  For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

228.  The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

### COUNT XIII - U.S. PATENT NO. 4,934,565 - EXPIRED PATENT

229.  For this Count, Relator repeats the allegations of Paragraphs 1-12.

230.  U.S. Patent No. 4,934,565 ("the '565 patent"), entitled "Liquid Dispensing System with Electronically Controlled Valve Remote from Nozzle" issued on June 19, 1990.

231.  Defendants mark and advertise, and have marked and advertised, products with the '565 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

232.  Defendants cause or contribute to the marking and advertising, of products with the '565 patent number, including, but not limited to, the products identified in Paragraph 231.

233.  The '565 patent is an expired patent.

234.  Upon information and belief, the '565 patent expired on September 19, 2008.

235.  Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

236.   Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '565 patent would expire on September 19, 2008.

237.   Defendants knew or should have known that the term of the '565 patent expired on September 19, 2008.

238.   Upon information and belief, Defendants do not currently own or have a license to the expired '565 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '565 patent.

239.   Upon information and belief, Defendants knew or should have known that the '565 patent had already expired at the same time Defendants were marking and advertising products with the '565 patent, including the products identified in Paragraph 231.

240.   Upon information and belief, Defendants knew they no longer owned or had a license to the '565 patent at the same time Defendants were marking and advertising products with the '565 patent, including the product identified in Paragraph 231.

241.   Defendants know, or at least reasonably should know, that the '565 patent no longer covered the products identified in Paragraph 231, or any products whatsoever.

242.   Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

243.   Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '565 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

244.   For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at

least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

245.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

246.    The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

### COUNT XIV - U.S. PATENT NO. 4,938,054 - EXPIRED PATENT

247.    For this Count, Relator repeats the allegations of Paragraphs 1-12.

248.    U.S. Patent No. 4,938,054 ("the '054 patent"), entitled "Ultrasonic Linear Meter Sensor for Positive Displacement Meter" issued on July 3, 1990.

249.    Defendants mark and advertise, and have marked and advertised, products with the '054 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

250.    Defendants cause or contribute to the marking and advertising, of products with the '054 patent number, including, but not limited to, the products identified in Paragraph 249.

251.    The '054 patent is an expired patent.

252.    Upon information and belief, the '054 patent expired on May 3, 2009.

253.    Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.   Defendants also have extensive

experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

254.    Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '054 patent would expire on May 3, 2009.

255.    Defendants knew or should have known that the term of the '054 patent expired on May 3, 2009.

256.    Upon information and belief, Defendants do not currently own or have a license to the expired '054 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '054 patent.

257.    Upon information and belief, Defendants knew or should have known that the '054 patent had already expired at the same time Defendants were marking and advertising products with the '054 patent, including the products identified in Paragraph 249.

258.    Upon information and belief, Defendants knew they no longer owned or had a license to the '054 patent at the same time Defendants were marking and advertising products with the '054 patent, including the product identified in Paragraph 249.

259.    Defendants know, or at least reasonably should know, that the '054 patent no longer covered the products identified in Paragraph 249, or any products whatsoever.

260.    Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

261.    Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '054 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

262.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

263.    For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

264.    The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT XV - U.S. PATENT NO. 4,938,251 - EXPIRED PATENT

265.    For this Count, Relator repeats the allegations of Paragraphs 1-12.

266.    U.S. Patent No. 4,938,251 ("the '251 patent"), entitled "Universal Hose Adapter for Gasoline Pump" issued on July 3, 1990.

267.    Defendants mark and advertise, and have marked and advertised, products with the '251 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

268.    Defendants cause or contribute to the marking and advertising, of products with the '251 patent number, including, but not limited to, the products identified in Paragraph 267.

269.    The '251 patent is an expired patent.

270.    Upon information and belief, the '251 patent expired on July 11, 2009.

271.    Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

272.    Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '251 patent would expire on July 11, 2009.

273.    Defendants knew or should have known that the term of the '251 patent expired on July 11, 2009.

274.    Upon information and belief, Defendants do not currently own or have a license to the expired '251 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '251 patent.

275.    Upon information and belief, Defendants knew or should have known that the '251 patent had already expired at the same time Defendants were marking and advertising products with the '251 patent, including the products identified in Paragraph 267.

276.    Upon information and belief, Defendants knew they no longer owned or had a license to the '251 patent at the same time Defendants were marking and advertising products with the '251 patent, including the product identified in Paragraph 267.

277.    Defendants know, or at least reasonably should know, that the '251 patent no longer covered the products identified in Paragraph 267, or any products whatsoever.

278.    Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

279.    Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '251 patent number, and the false marking was done with

intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

280. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

281. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

282. The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT XVI - U.S. PATENT NO. 4,939,730 - EXPIRED PATENT

283. For this Count, Relator repeats the allegations of Paragraphs 1-12.

284. U.S. Patent No. 4,939,730 ("the '730 patent"), entitled "Auto Isolation Circuit for Malfunctioning Current Loop" issued on July 3, 1990.

285. Defendants mark and advertise, and have marked and advertised, products with the '730 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

286. Defendants cause or contribute to the marking and advertising, of products with the '730 patent number, including, but not limited to, the products identified in Paragraph 285.

287.    The '730 patent is an expired patent.

288.    Upon information and belief, the '730 patent expired on October 11, 2008.

289.    Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

290.    Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '730 patent would expire on October 11, 2008.

291.    Defendants knew or should have known that the term of the '730 patent expired on October 11, 2008.

292.    Upon information and belief, Defendants do not currently own or have a license to the expired '730 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '730 patent.

293.    Upon information and belief, Defendants knew or should have known that the '730 patent had already expired at the same time Defendants were marking and advertising products with the '730 patent, including the products identified in Paragraph 285.

294.    Upon information and belief, Defendants knew they no longer owned or had a license to the '730 patent at the same time Defendants were marking and advertising products with the '730 patent, including the product identified in Paragraph 285.

295.    Defendants know, or at least reasonably should know, that the '730 patent no longer covered the products identified in Paragraph 285, or any products whatsoever.

296.    Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

297.     Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '730 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

298.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

299.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

300.     The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT XVII - U.S. PATENT NO. 4,967,366 - EXPIRED PATENT

301.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

302.     U.S. Patent No. 4,967,366 ("the '366 patent"), entitled "Integrated Gasoline Dispenser and POS Authorization System with Unattached Pin Pad" issued on October 30, 1990.

303.     Defendants mark and advertise, and have marked and advertised, products with the '366 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

304.     Defendants cause or contribute to the marking and advertising, of products with the '366 patent number, including, but not limited to, the products identified in Paragraph 303.

305.     The '366 patent is an expired patent.

306.     Upon information and belief, the '366 patent expired on March 6, 2009.

307.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

308.     Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '366 patent would expire on March 6, 2009.

309.     Defendants knew or should have known that the term of the '366 patent expired on March 6, 2009.

310.     Upon information and belief, Defendants do not currently own or have a license to the expired '366 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '366 patent.

311.     Upon information and belief, Defendants knew or should have known that the '366 patent had already expired at the same time Defendants were marking and advertising products with the '366 patent, including the products identified in Paragraph 303.

312.     Upon information and belief, Defendants knew they no longer owned or had a license to the '366 patent at the same time Defendants were marking and advertising products with the '366 patent, including the product identified in Paragraph 303.

313.     Defendants know, or at least reasonably should know, that the '366 patent no longer covered the products identified in Paragraph 303, or any products whatsoever.

314.     Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

315.     Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '366 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

316.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

317.     For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

318.     The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT XVIII - U.S. PATENT NO. 4,986,455 - EXPIRED PATENT

319.     For this Count, Relator repeats the allegations of Paragraphs 1-12.

320.     U.S. Patent No. 4,986,455 ("the '455 patent"), entitled "Arrangement for Supplying and Dosing Loose Filling Material" issued on January 22, 1991.

321.     Defendants mark and advertise, and have marked and advertised, products with the '455 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

322.     Defendants cause or contribute to the marking and advertising, of products with the '455 patent number, including, but not limited to, the products identified in Paragraph 321.

323.     The '455 patent is an expired patent.

324.     Upon information and belief, the '455 patent expired on July 6, 2008.

325.     Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.   Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

326.     Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '455 patent would expire on July 6, 2008.

327.     Defendants knew or should have known that the term of the '455 patent expired on July 6, 2008.

328.     Upon information and belief, Defendants do not currently own or have a license to the expired '455 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '455 patent.

329.     Upon information and belief, Defendants knew or should have known that the '455 patent had already expired at the same time Defendants were marking and advertising products with the '455 patent, including the products identified in Paragraph 321.

330. Upon information and belief, Defendants knew they no longer owned or had a license to the '455 patent at the same time Defendants were marking and advertising products with the '455 patent, including the product identified in Paragraph 321.

331. Defendants know, or at least reasonably should know, that the '455 patent no longer covered the products identified in Paragraph 321, or any products whatsoever.

332. Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

333. Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '455 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

334. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

335. For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

336. The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## COUNT XIX - U.S. PATENT NO. 5,040,577 - EXPIRED PATENT

337.    For this Count, Relator repeats the allegations of Paragraphs 1-12.

338.    U.S. Patent No. 5,040,577 ("the '577 patent"), entitled "Vapor Recovery System for Fuel Dispenser" issued on August 20, 1991.

339.    Defendants mark and advertise, and have marked and advertised, products with the '577 patent number, including, but not limited to, The Encore Series Gas Pump device depicted at Exhibit "A."

340.    Defendants cause or contribute to the marking and advertising, of products with the '577 patent number, including, but not limited to, the products identified in Paragraph 339.

341.    The '577 patent is an expired patent.

342.    Upon information and belief, the '577 patent expired on May 21, 2010.

343.    Defendants are sophisticated companies and have many decades of experience applying for, obtaining, maintaining and litigating patents.  Defendants also have extensive experience manufacturing products and either marking or not marking them with words or numbers indicating that such products are protected by patents or pending applications.

344.    Upon information and belief, Defendants and/or their predecessors (including their patent counsel) received notice that the '577 patent would expire on May 21, 2010.

345.    Defendants knew or should have known that the term of the '577 patent expired on May 21, 2010.

346.    Upon information and belief, Defendants do not currently own or have a license to the expired '577 patent and are not paying maintenance fees to the United States Patent and Trademark Office to maintain the '577 patent.

347.   Upon information and belief, Defendants knew or should have known that the '577 patent had already expired at the same time Defendants were marking and advertising products with the '577 patent, including the products identified in Paragraph 339.

348.   Upon information and belief, Defendants knew they no longer owned or had a license to the '577 patent at the same time Defendants were marking and advertising products with the '577 patent, including the product identified in Paragraph 339.

349.   Defendants know, or at least reasonably should know, that the '577 patent no longer covered the products identified in Paragraph 339, or any products whatsoever.

350.   Each offense of false marking caused by Defendants has and continues to deceive the public and deter competition to the financial benefit of Defendants.

351.   Defendants could have no reasonable belief that it was proper to mark and advertise products with the expired '577 patent number, and the false marking was done with intent to deceive the public by, inter alia, misusing their patent rights to extend the term of their patent and inhibiting competition.

352.   For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, likely have benefitted in at least maintaining their market shares with respect to the herein described The Encore Series Gas Pump in the marketplace.

353.   For at least the reasons set forth herein, Defendants have wrongfully and illegally advertised patent rights which they do not possess, and, as a result, have likely caused the retail price of their products described herein to be inflated above normal market levels, and have caused Relator, a consumer of Defendants' customers' products, to pay an inflated price for all products associated with Defendant's products, such as fuel.

354.    The public deception, and/or competitive harm caused by each of Defendants' false markings has and continues to harm the United States, including Relator, a representative of the public incurring the cost and time associated with this enforcement.

## PRAYER FOR RELIEF

WHEREFORE, pursuant to 35 U.S.C. § 292, Relator respectfully requests:

A.    A judgment that Defendants have falsely marked products in violation of 35 U.S.C. § 292;

B.    An accounting of the number, sales and revenue of any falsely marked articles not presented at trial;

C.    A judgment in favor of Relator that Defendants have falsely marked items in violation of 35 U.S.C. § 292(a)-(b) in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

D.    An Award of pre-judgment and post-judgment interest on any monetary award;

E.    An injunction prohibiting Defendants, and their officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. § 292(a);

F.    An award of attorneys fees, costs, other expenses and an enhancement of damages and penalties; and

G.    All other just and equitable relief.

## JURY DEMAND

Relator requests trial by jury on all appropriate issues.

Dated:  August 24, 2010                    Respectfully submitted,


                                            _/s/ Stafford Davis_____

                                            Stafford Davis
                                            Lead Counsel
                                            State Bar No. 24054605
                                            The Stafford Davis Firm, PC
                                            305 S. Broadway, Suite 406
                                            Tyler, Texas 75702
                                            (903) 593-7000
                                            sdavis@stafforddavisfirm.com

                                            ATTORNEY FOR RELATOR
                                            PATENT GROUP, LLC